IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK D. ATHERTON, #N17876, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-00611-SMY |
| | ) |
| LISA LAMBARDO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Frank D. Atherton, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Robinson Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims that multiple errors during his criminal trial and appeal violated his constitutional rights. He seeks monetary damages and dismissal of his criminal charges. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was convicted of criminal charges in Boone County, Illinois, and is currently serving his sentence.[1]

---

[1] According to the Individual in Custody Search Page of the IDOC, Plaintiff was convicted in Boone County Case No. 05-CF-289 and sentenced to two 12-year terms. Https://idoc.illinois.gov/offender/inmatesearch.html.

The defendants in this action include Boone County State's Attorneys, Plaintiff's defense and appellate attorneys, an attorney for the state Department of Children and Family Services, a court reporter, and a therapist (Doc. 1, pp. 1-4, 8). Plaintiff was denied a fair trial and was wrongfully convicted when the trial court failed to follow Illinois court rules, improperly instructed the jury, permitted the introduction of improper hearsay and unqualified expert witness testimony, denied a Frye hearing, and denied Plaintiff's right to present his own expert witness (Doc. 1, pp. 8-9, 12-14). He was falsely arrested, was not positively identified as the perpetrator, was convicted based on false evidence and false testimony, and evidence of his innocence was hidden and/or withheld (Doc. 1, pp. 8-10).

The trial court erroneously dismissed Plaintiff's post-conviction petition which raised credible issues of ineffective assistance of trial counsel (Doc. 1, pp. 11-12). His post-conviction appellate counsel failed to raise meritorious issues, including matters that counsel on his direct appeal should have raised. *Id.*

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1:   Claims against defendants for contributing to Plaintiff's wrongful conviction in Boone County, Illinois in Case No. 05-CF-289, and for ineffective assistance in his direct appeal and post-conviction challenges to that conviction.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

Plaintiff's claim for money damages based on his allegedly wrongful conviction is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (emphasis in original).

Here, Plaintiff does not claim that his conviction or sentence has been reversed, expunged, or otherwise invalidated by a state or federal court. Indeed, he asks this Court to "dismiss" his charges, recognizing that he still stands convicted. If this Court were to award Plaintiff damages, such an order would necessarily imply that his conviction and/or sentence is invalid. Therefore, Plaintiff cannot maintain a claim for damages in this case.

Moreover, dismissal or reversal of a criminal conviction is not an available remedy in a § 1983 civil rights case. As such, this Court must independently evaluate the substance of Plaintiff's claim to determine if the correct statute – in this case 42 U.S.C. § 1983 – is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991).

A state prisoner who wants to challenge his conviction or sentence may do so in a federal

habeas corpus action under 28 U.S.C. § 2254.  However, before a prisoner's claims may be addressed under § 2254, the claims must be raised and fully exhausted through the state courts. Ordinarily, this will involve raising every issue in the trial court and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court.[2] *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010).

As this Court cannot convert a purported § 1983 claim into a § 2254 petition, Plaintiff's claims must be dismissed without prejudice.  *See Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004); *Copus v. City of Edgerton,* 96 F.3d 1038, 1039 (7th Cir. 1996).

## Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED AS MOOT**.

The motion requesting the Court to stop the electronic transmission of documents to him (Doc. 8) is **DENIED**.

## Disposition

The Complaint and this action are **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.  The Court counts the dismissal of this action as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g).  The claim for damages in Count 1 is dismissed **without prejudice**.[3]

When a Complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies.  *See*

---

[2] It appears that Plaintiff has already pursued a direct appeal and appealed the dismissal of his post-conviction petition. *People v Atherton*, 940 N.E.2d 775 (Ill. App. 2d Dist. 2010), *PLA denied,* 943 N.E.2d 1102 (2011); *People v. Atherton*, 2 N.E.3d 1047, No. 2-12-1017, 2013 WL 3788224 (2013), *PLA denied*, 2 N.E.3d 1047 (2013).

[3] A *Heck*-barred claim must be dismissed without prejudice so the claim may be refiled later if the conviction or sentence is eventually invalidated.  *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011); *Mockbee v. Lee*, No. 20-2004, 2021 WL 5918556, at *2 (7th Cir. Dec. 15, 2021).

FED. R. CIV. P. 15(a).  However, leave to amend need not be granted if further amendment would be futile.  *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).  It is clear from the Complaint that Plaintiff's claim for damages is currently *Heck*-barred, and his request for dismissal of his criminal charges is not cognizable in a § 1983 action.  Therefore, the Court concludes that further amendment of Plaintiff's claims in this action would be futile.  Accordingly, the dismissal of this case is **with prejudice** and without leave to amend.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, the Clerk is **DIRECTED** to send Plaintiff a blank habeas corpus petition under 28

U.S.C. § 2254.

**IT IS SO ORDERED.**

**DATED:  May 6, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
